IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| DANA CHERYL RIVERS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | CIVIL ACTION NO. 04-0369-P-L |
| ) | |
| JO ANNE B. BARNHART, Commissioner ) | |
| of Social Security, ) | |
| ) | |
| Defendant. ) | |

ORDER ADOPTING THE REPORT AND
RECOMMENDATION OF THE MAGISTRATE JUDGE

On March 24, 2005, the Magistrate Judge issued a Report and Recommendation under 28 U.S.C. § 636(b)(1)(B), recommending that the Decision of the Commissioner of Social Security to deny plaintiff's claim for supplemental security income benefits be reversed and remanded for further proceedings pursuant to 42 U.S.C. § 405(g) (doc.19).  Currently pending before this court is defendant's Objection to the Report and Recommendation (doc.20).  After due and proper consideration of all pleadings in this file, and a *de novo* determination of those portions of the Report and Recommendation to which objection is made, defendant's Objection is overruled, and the Report and Recommendation of the Magistrate Judge is adopted as the opinion of this court.

Defendant raises one objection; it pertains to the Magistrate Judge's handling of plaintiff's second issue on appeal: Whether the ALJ erred in failing to pose a proper hypothetical question to the vocational expert ("VE") (doc.19, p.27-31; doc.11, p.6).  Defendant argues that "[t]he ALJ limited the

hypothetical person to performing unskilled work as long as there was only occasional interaction with co-workers, supervisors, and the general public (Tr.621).  This was compatible with Plaintiff's residual functional capacity...  Plaintiff's mental impairment did not preclude the performance of unskilled work." (doc.20, p.2).  Defendant objections to the fact that the Magistrate Judge "determined the PRTF [Psychiatric Review Technique Form] ratings had to be included in a hypothetical question to a vocational expert..." Id.

This court is not free to "decide the facts anew, reweigh the evidence, or substitute [its] judgment for that of the Secretary." Bloodsworth v. Heckler, 703 F.2d 1233, 1239 (11th Cir. 1983).  Section 405(g) requires the court to uphold the Commissioner's decision as long as it is supported by substantial evidence.  See Jones v. Apfel, 190 F.3d 1224, 1228 (11th Cir. 1999), cert. denied, 529 U.S. 1089 (2000); Miles v. Chater, 84 F.3d 1397, 1400 (11th Cir. 1996).  "Even if [the court] finds that the evidence preponderates against the Secretary's decision, [the court] must affirm if the decision is supported by substantial evidence." Bloodworth, at 1239.

As noted by the Magistrate Judge, "[i]n order for [the VE's] testimony to constitute substantial evidence, the ALJ must pose a hypothetical question which comprises all of [plaintiff's] impairments" (doc.19, p.28-29).  This is mandated by the Eleventh Circuit. Wilson v. Barnhart, 284 F.3d 1219, 1227 (11th Cir. 2002); Jones, 190 F.3d at 1229 ("[T]he VE's testimony is crucial to an ALJ's determination at step 5 of the sequential evaluation process.").

Herein, the Magistrate Judge noted that "the ALJ found plaintiff had moderate restriction of her ability to maintain social functioning and moderate deficiencies of concentration, persistence and pace" (doc.19, p.30).

> The [ALJ has reviewed the entire medical record and considered the claimant's allegations, and finds them to be neither fully credible nor supported by the objective clinical findings. The combined effect of the claimant's impairments reduced her residual functional capacity for sustained work activity, during the period in question, to the light level of exertion in those jobs that are defined as unskilled, with the further limitations that the claimant is unable to work at heights or around moving machinery and has the ability for only occasional contact with co-workers, supervisors and the general public. The PRTF ratings are "mild" for activities of daily living; "moderate" for maintaining social functioning and for deficiencies of concentration, persistence, or pace [as opposed to "none, mild,... marked,... extreme" (20 C.F.R. § 404.1520a(c)(4)]; and none for episodes of decompensation.

(Tr.291). However, as the Magistrate Judge points out, the ALJ did not include the "moderate" findings in the hypothetical question presented to the VE (doc.19, p.30).

Defendant argues that PRTF ratings are not determinative of an individual's [residual functional capacity], they are "merely a snap shot in time" of plaintiff's degree of limitation (doc.20, p.2). Defendant relies on § 404.1520a and § 404.1545. Id.

However, neither § 1520a, nor § 1545 support defendant's argument. Section 1520a provides, in part:

> Assessment of functional limitations is a complex and highly individualized process that requires us to consider multiple issues and all relevant evidence to obtain a longitudinal picture of your overall degree of functional limitation...
>
> We will rate the degree of your functional limitation based on the extent to which your impairment(s) interferes with your ability to function independently, appropriately, effectively, and on a sustained basis. Thus, we will consider such factors as the quality and level of your overall functional performance, any episodic limitations, the amount of supervision or assistance your require, and the settings in which you are able to function.

§ 404.1520a(c). Section 1545 states, in part:

> ... We will assess your residual functional capacity based on all the relevant evidence in your case record... We will assess your residual functional capacity based on all of the relevant medical and other evidence.

§ 404.1545(a)(1) and (3).

This court's review of the record reflects that none of the three hypotheticals posed to the VE included the ALJ's finding of a "moderate" limitation for maintaining social functioning and for deficiencies of concentration, persistence, or pace (see Tr.621-22).  In the third hypothetical the ALJ includes "marked," rather than "moderate" limitations.

> In this hypothetical I'd like you to also consider that she would have a *marked* limitation in the ability to maintain attention and concentration for extended periods.  I'd like you to assume that she would also have a *marked* limitation in the ability to work in coordination with or proximity to others without being distracted by them and a *marked* limitation in the ability to accept instructions and respond appropriately to criticism from supervisors.  Now, if you added those *marked* limitations to the limitations that I already gave you would she be able to sustain work in the positions you identified?

(Tr.622) (emphasis added).  In response, the VE said: "No."  Id.

The ALJ did not pursue with the VE whether plaintiff's "moderate" limitation in deficiencies of concentration, persistence, or pace would preclude him from identifying any jobs existing in the national economy that plaintiff could perform at the unskilled level and within the exertional category of light work.  It was for this reason that the Magistrate Judge recommended that plaintiff's action be reversed and remanded.

This court agrees with the Magistrate Judge.  The hypothetical posed by the ALJ did not include all relevant evidence of plaintiff's impairments as determined by the ALJ.  Thus, the VE's testimony regarding jobs existing in the national economy that plaintiff can perform is not supported by substantial evidence.  Defendant's Objection is OVERRULED.

Accordingly, after due and proper consideration of all pleadings in this file, and a *de novo* determination of those portions of the Report and Recommendation to which objection is made, defendant's Objection is hereby OVERRULED, and it is ORDERED that the Report and

Recommendation of the Magistrate Judge be and is hereby ADOPTED as the opinion of this court.

It is ORDERED that this action be and is hereby REVERSED and REMANDED to the Commissioner of Social Security pursuant to sentence four of 42 U.S.C. § 405(g) for further proceedings

> for additional VE testimony based upon a proper hypothetical question containing all of plaintiff's mental impairments which the ALJ determined were supported by substantial evidence in the record: [L]imitation to unskilled work, limitation to work which does not require more than occasional interaction with co-workers, supervisors and the general public, moderate restriction of the ability to maintain social functioning, *moderate* deficiencies of concentration, persistence and pace, and mild restriction of activities of daily living.[]

(doc.19, p.31) (emphasis added).  Melkonyan v. Sullivan, 501 U.S. 89 (1991).

Remand pursuant to sentence four of § 405(g) makes plaintiff a prevailing party for purposes of the Equal Access to Justice Act, 28 U.S.C. § 2412, Shalala v. Schaefer, 509 U.S. 292 (1993), and terminates this court's jurisdiction over this matter.

DONE this 31st day of May, 2005.

　　　　　　　　　　　　　　　　　　　　　S/Virgil Pittman　　　　　　　　　　　　　　
　　　　　　　　　　　　　　　　　　　　SENIOR UNITED STATES DISTRICT JUDGE